IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| SHAUNREE BALLARD, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. |
| | ) | |
| v. | ) | |
| | ) | |
| LOMARIA WATSON, CHICAGO POLICE OFFICER DAVID A. BROWN, CHICAGO POLICE OFFICER BRADLEY SCADUTO, STAR #14620; CHICAGO POLICE OFFICER FRANK HODGEMAN, STAR #4829 and THE CITY OF CHICAGO, a Municipal Corporation, | ) ) ) ) ) ) ) | |
| | ) | JURY DEMAND |
| | ) | |
| Defendants. | ) | |

## COMPLAINT AT LAW

NOW COMES, the Plaintiff, SHAUNREE BALLARD, by and through her attorney, JEFFREY J. NESLUND, LAW OFFICE OF JEFFREY J. NESLUND and in complaining of the Defendants, LOMARIA WATSON, CHICAGO POLICE OFFICER DAVID A. BROWN, CHICAGO POLICE OFFICER BRADLEY SCADUTO, STAR #14620, CHICAGO POLICE OFFICER FRANK HODGEMAN, STAR #4829 and CITY OF CHICAGO, states as follows:

### INTRODUCTION

1.  This is an action for civil damages brought pursuant to 42 U.S.C. Sec. 1983 for the deprivation of Plaintiff's constitutional rights and violations of Illinois law. This Court has jurisdiction pursuant to 28 U.S.C. Sec. 1331 and 1343.

2.  Venue in this district is proper pursuant to 28 U.S.C. sec. 1391 (b), because the facts which give rise to the claims asserted herein occurred in the Northern District of Illinois.

3.  PLAINTIFF, SHAUNREE BALLARD, is an individual who at all times relevant

hereto was present in the Northern District of Illinois.

4. DEFENDANT, LOMARIA WATSON, is an individual who at all times relevant hereto was present in the Northern District of Illinois.

5. DEFENDANTS, CHICAGO POLICE OFFICERS DAVID A. BROWN, BRADLEY SCADUTO, STAR #14620 and FRANK HODGEMAN, STAR #4829, were at all times material hereto, duly appointed Chicago Police Officers employed by the City of Chicago acting in the capacity of sworn law enforcement officials.

6. The DEFENDANT, City of Chicago (hereinafter "CITY"), at all relevant times, was an Illinois Municipal Corporation, duly chartered and organized under the Laws of the State of Illinois, located entirely within this Judicial District.

## FACTUAL SUMMARY

7. On or about July 11, 2014, DEFENDANT, LOMARIA WATSON, initiated a physical confrontation with the PLAINTIFF, SHAUNREE BALLARD.

8. During the course of this confrontation, DEFENDANT WATSON retrieved a knife from her home at 12431 S. Princeton Avenue in Chicago.

9. DEFENDANT WATSON used the knife retrieved from her home to cause injury to PLAINTIFF, stabbing SHAUNREE BALLARD in the head, left forearm, right clavicle and left hand.

10. DEFENDANT OFFICERS SCADUTO and HODGEMAN responded to the scene and initially placed DEFENDANT WATSON in handcuffs in their squad car.

11. After an ambulance transported PLAINTIFF to the hospital, DEFENDANT OFFICER DAVID A. BROWN arrived on the scene. DEFENDANT BROWN spoke to DEFENDANT OFFICERS SCADUTO and HODGEMAN and explained to them that

DEFENDANT WATSON was his girlfriend.

12. DEFENDANT OFFICERS SCADUTO and HODGEMAN released DEFENDANT WATSON from custody after BROWN identified himself as a police officer and explained his relationship with DEFENDANT WATSON.

13. The DEFENDANTS conspired and agreed to have PLAINTIFF arrested as the aggressor and DEFENDANT WATSON listed as the victim of the attack, despite the fact PLAINTIFF was at the hospital being treating for lacerations and stab wounds caused by DEFENDANT WATSON.

14. The DEFENDANT OFFICERS failed to conduct any kind of legitimate investigation, despite the fact there were multiple witnesses from the neighborhood who saw DEFENDANT WATSON attack PLAINTIFF with the knife.

15. After learning that DEFENDANT WATSON was a girlfriend of a Chicago police officer, DEFENDANT DAVID A. BROWN, and despite the fact that the PLAINTIFF wanted to pursue criminal charges against DEFENDANT WATSON, the DEFENDANT OFFICERS, SCADUTO, HODGEMAN and BROWN, conspired to prevent PLAINTIFF from pursuing any criminal charges and, as a result, PLAINTIFF was precluded and prevented from filing criminal complaints against DEFENDANT WATSON or having her case heard in a criminal court of law.

16. After PLAINTIFF was discharged from the hospital, she was taken to the 005th District Chicago Police Station and, in furtherance, of the DEFENDANTS' conspiracy, PLAINTIFF was charged with multiple criminal offenses.

17. On January 23, 2015, PLAINTIFF was found not guilty of all criminal charges initiated by the DEFENDANTS.

## COUNT I
### State Law Claim: Assault and Battery
(Defendant WATSON)

18. PLAINTIFF re-alleges and incorporates paragraphs 1-17 as fully stated herein.

19. As described in the preceding paragraphs, the conduct of DEFENDANT WATSON constituted unjustified and offensive physical contact, undertaken willfully and wantonly, proximately causing PLAINTIFF's bodily injuries.

## COUNT II
### State Law Claim: Intentional Infliction of Emotional Distress
(Defendant WATSON)

20. PLAINTIFF re-alleges and incorporates paragraphs 1-17 above as fully stated herein.

21. The acts and conduct of the DEFENDANT as set forth above were extreme and outrageous. DEFENDANT WATSON intended to cause, or were in reckless disregard of the probability that their conduct would cause, severe emotional distress to PLAINTIFF.

22. DEFENDANT WATSON'S actions and conduct directly and proximately caused severe emotional distress to PLAINTIFF and thereby constituted intentional infliction of emotional distress.

23. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of the PLAINTIFF.

## COUNT III
### Negligence
(Defendant WATSON)

24. PLAINTIFF realleges paragraphs 1 through 17 above as fully stated herein.

25. That DEFENDANT WATSON, at all times had a duty to exercise due care and caution to avoid causing harm to the Plaintiff.

26. That notwithstanding its duty, at the aforesaid time and place, DEFENDANT WATSON, was then and there guilty of one or more of the following careless and negligent acts and/or omissions:

    (a) carelessly and negligently swung a knife in PLAINTIFF'S direction;

    (b) acted in a reckless manner, knowing there was a strong probability that her conduct would cause injury to PLAINTIFF; and

    (c) Was otherwise careless and negligent in the maintenance, control and/or handling of her premises.

27. That as a direct and proximate result of the aforesaid acts and/or omissions of the DEFENDANT WATSON, the Plaintiff was incarcerated and prosecuted for multiple criminal offenses and was prevented from attending to her usual affairs and duties, lost great gains which she otherwise would have made and acquired, and suffered great pain and anguish both in mind and body.

## COUNT IV
### State Law Claim: Malicious Prosecution
(All Defendants)

28. PLAINTIFF re-alleges and incorporates paragraphs 1-17 above as fully stated herein.

29. PLAINTIFF was improperly subjected to judicial proceedings for which there was no probable cause. These judicial proceedings were instituted and continued maliciously, resulting in injury and all such proceedings were terminated in PLAINTIFF's favor in a manner consistent with the PLAINTIFF's innocence.

30. DEFENDANTS accused PLAINTIFF of criminal activity, despite the fact that they knew the accusations were baseless, that the PLAINTIFF had been arrested without probable cause. DEFENDANTS made written and other statements with the intent of exerting

5

influence to institute and continue judicial proceedings which were false and made with actual malice.

31. Statements of DEFENDANTS regarding PLAINTIFF's alleged culpability were made with knowledge that the statements were false and perjured. In so doing, the DEFENDANTS fabricated evidence and withheld exculpatory information.

32. The misconduct described in this Count was undertaken with malice, willfulness, reckless indifference to the rights of others.

33. As a result of the above-described wrongful infringement of PLAINTIFF's rights, she has suffered financial and other damages, including but not limited to substantial physical injuries and mental stress and anguish.

34. The misconduct described in this Count was undertaken by the DEFENDANT OFFICERS within the scope of their employment such that their employer, CITY OF CHICAGO, is liable for their actions.

## COUNT V
### Section 1983 Conspiracy Claims
(All Defendants)

35. PLAINTIFF re-alleges and incorporates paragraphs 1-17 above as fully stated herein.

36. At all times relevant hereto, the DEFENDANT WATSON was acting in concert with DEFENDANTS OFFICER BROWN, SCADUTO and HODGEMAN.

37. DEFENDANTS conspired and agreed to unlawfully use the police powers of the DEFENDANT OFFICERS to violate the civil rights of the PLAINTIFF.

38. The DEFENDANTS collectively and individually took action in furtherance of this agreement to charge PLAINTIFF with false criminal acts and block the PLAINTIFF from

pursuing criminal charges against DEFENDANT WATSON.

39. As a result of the conspiracy, the DEFENDANTS proximately caused injury to the PLAINTIFF, including, but not limited to incarceration, humiliation, embarrassment, and severe emotional distress.

## COUNT VI
### Due Process Violation
(All Defendants)

40. PLAINTIFF re-alleges and incorporates paragraphs 1-17 as fully stated herein.

41. As described above, DEFENDANT WATSON and the DEFENDANT OFFICERS, while acting under color of law and within the scope of their employment as Chicago Police Officers, violated PLAINTIFF's right to Due Process, *inter alia*, by fabricating evidence regarding how the attack occurred and withholding material and exculpatory evidence from prosecutors, including the fact that DEFENDANT WATSON received special treatment because of her relationship with DEFENDANT BROWN. Absent the DEFENDANTS' misconduct, the prosecution of the PLAINTIFF could not and would not have been pursued.

42. The misconduct described in this Count was undertaken intentionally, with malice, willfulness and reckless indifference to the rights of others, and specifically, the rights of the PLAINTIFF.

43. As a result of the above-described wrongful infringement of PLAINTIFF's rights, PLAINTIFF suffered damages, including but not limited to, deprivation of her liberty and severe mental distress and anguish.

## COUNT VII
### Failure To Investigate
(Defendants SCADUTO and HODGEMAN)

44. PLAINTIFF re-alleges and incorporates paragraphs 1-17 above as fully stated

7

herein.

45. As described above, DEFENDANT OFFICERS SCADUTO and HODGEMAN, had a duty and obligation as sworn officers acting under color of law to conduct an investigation.

46. DEFENDANT OFFICERS SCADUTO and HODGEMAN, failed to conduct any legitimate investigation into the attack on PLAINTIFF, SHAUNREE BALLARD.

47. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others, and specifically, the rights of the PLAINTIFF.

48. As a result of the above-described wrongful infringement of PLAINTIFF's rights, PLAINTIFF suffered damages, including but not limited to physical incarceration and mental distress and anguish and prevented PLAINTIFF from pursuing criminal charges against DEFENDANT WATSON.

## COUNT VIII
### State Law Claim: Indemnification
(Defendants BROWN, SCADUTO and HODGEMAN)

49. PLAINTIFF re-alleges and incorporates paragraphs 1-17 above as fully stated herein.

50. In Illinois, public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities. 735 ILCS 10/9-102.

51. DEFENDANT OFFICERS are or were employees of The City of Chicago acting within the scope of their employment in committing the misconduct described herein. The City of Chicago is responsible to indemnify any compensatory judgment or settlements entered against the DEFENDANT OFFICERS in their capacity as Chicago Police Officers.

## REQUEST FOR RELIEF

52. Plaintiff, SHAUNREE BALLARD, respectfully requests that the Court:

    a. Enter judgment in her favor and against Defendants, LOMARIA WATSON, CHICAGO POLICE OFFICER DAVID A. BROWN, CHICAGO POLICE OFFICER BRADLEY SCADUTO, STAR #14620, CHICAGO POLICE OFFICER FRANK HODGEMAN, STAR #4829;

    b. Award compensatory damages against Defendants, LOMARIA WATSON, CHICAGO POLICE OFFICER DAVID A. BROWN, CHICAGO POLICE OFFICER BRADLEY SCADUTO, STAR #14620, CHICAGO POLICE OFFICER FRANK HODGEMAN, STAR #4829;

    c. Award attorneys' fees against Defendants, LOMARIA WATSON, CHICAGO POLICE OFFICER DAVID A. BROWN, CHICAGO POLICE OFFICER BRADLEY SCADUTO, STAR #14620, CHICAGO POLICE OFFICER FRANK HODGEMAN, STAR #4829;

    d. Award punitive damages against Defendants, LOMARIA WATSON, CHICAGO POLICE OFFICER DAVID A. BROWN, CHICAGO POLICE OFFICER BRADLEY SCADUTO, STAR #14620, CHICAGO POLICE OFFICER FRANK HODGEMAN, STAR #4829; in their individual capacities; and

    e. Grant any other relief this Court deems just and appropriate.

## JURY DEMAND

Plaintiff, SHAUNREE BALLARD, demands a trial by jury under the Federal Rule of Civil Procedure 38(b) on all issues so triable.

    Respectfully submitted,

    /s/ Jeffrey J. Neslund
    JEFFREY J. NESLUND
    Attorney for Plaintiff

Jeffrey J. Neslund
Law Offices of Jeffrey J. Neslund
20 North Wacker Drive - Suite 3710
Chicago, Illinois 60606
(312) 223-1100