IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| SHAUNREE BALLARD, | ) | |
| | ) | |
| Plaintiff, | ) | Case No.  16 cv 977 |
| | ) | |
| v. | ) | Judge Durkin |
| | ) | |
| LOMARIA WATSON, CHICAGO POLICE | ) | Mag. Cox |
| OFFICER DAVID A. BROWN, | ) | |
| CHICAGO POLICE OFFICER BRADLEY | ) | |
| SCADUTO, STAR #14620; CHICAGO POLICE | ) | |
| OFFICER FRANK HODGEMAN, STAR #4829 | ) | |
| and THE CITY OF CHICAGO, a Municipal | ) | |
| Corporation, | ) | JURY DEMAND |
| Defendants. | ) | |

**FIRST AMENDED COMPLAINT AT LAW**

NOW COMES, the Plaintiff, SHAUNREE BALLARD, by and through her attorney, JEFFREY J. NESLUND, LAW OFFICE OF JEFFREY J. NESLUND and in complaining of the Defendants, LOMARIA WATSON, CHICAGO POLICE OFFICER DAVID A. BROWN, CHICAGO POLICE OFFICER BRADLEY SCADUTO, STAR #14620, CHICAGO POLICE OFFICER FRANK HODGEMAN, STAR #4829 and CITY OF CHICAGO, states as follows:

**INTRODUCTION**

1.     This is an action for civil damages brought pursuant to 42 U.S.C. Sec. 1983 for the deprivation of Plaintiff's constitutional rights and violations of Illinois law. This Court has jurisdiction pursuant to 28 U.S.C. Sec. 1331 and 1343 and supplemental jurisdiction over state law claims pursuant to 28 U.S.C. Sec. 1367(a).

2.     Venue in this district is proper pursuant to 28 U.S.C. sec. 1391 (b), because the facts which give rise to the claims asserted herein occurred in the Northern District of Illinois.

3.     PLAINTIFF, SHAUNREE BALLARD, is an individual who at all times relevant

hereto was present in the Northern District of Illinois.

4.     DEFENDANT, LOMARIA WATSON, is an individual who at all times relevant hereto was present in the Northern District of Illinois.

5.     DEFENDANTS, CHICAGO POLICE OFFICERS DAVID A. BROWN, BRADLEY SCADUTO, STAR #14620 and FRANK HODGEMAN, STAR #4829, were at all times material hereto, duly appointed Chicago Police Officers employed by the City of Chicago acting in the capacity of sworn law enforcement officials.

6.     The DEFENDANT, City of Chicago (hereinafter "CITY"), at all relevant times, was an Illinois Municipal Corporation, duly chartered and organized under the Laws of the State of Illinois, located entirely within this Judicial District.

## FACTUAL SUMMARY

7.     On or about July 11, 2014, DEFENDANT, LOMARIA WATSON, initiated a physical confrontation with the PLAINTIFF, SHAUNREE BALLARD.

8.     During the course of this confrontation, DEFENDANT WATSON retrieved a large knife from her home at 12431 S. Princeton Avenue in Chicago.

9.     DEFENDANT WATSON used the knife retrieved from her home to cause injury to PLAINTIFF, stabbing and slicing SHAUNREE BALLARD in the head, left forearm, right clavicle and left hand.

10.    DEFENDANT OFFICERS SCADUTO and HODGEMAN responded to the scene and initially placed DEFENDANT WATSON in handcuffs in their squad car.

11.    After an ambulance transported PLAINTIFF to the hospital, DEFENDANT OFFICER DAVID A. BROWN arrived on the scene.  DEFENDANT BROWN spoke to DEFENDANT OFFICERS SCADUTO and HODGEMAN and explained to them that

DEFENDANT WATSON was his girlfriend.

12.    DEFENDANT OFFICERS SCADUTO and HODGEMAN released DEFENDANT WATSON from custody after BROWN identified himself as a police officer and explained his relationship with DEFENDANT WATSON.

13.    The DEFENDANTS conspired and agreed to have PLAINTIFF arrested as the aggressor and DEFENDANT WATSON listed as the victim of the attack, despite the fact PLAINTIFF was at the hospital being treated for multiple lacerations and stab wounds caused by DEFENDANT WATSON and multiple witnesses on scene identified WATSON as the aggressor to the DEFENDANT OFFICERS.

14.    DEFENDANT OFFICERS SCADUTO and HODGEMAN failed to conduct any kind of legitimate investigation, despite the fact there were multiple witnesses on the scene who saw DEFENDANT WATSON attack and injure the PLAINTIFF with the knife.

15.    After learning that DEFENDANT WATSON was a girlfriend of Chicago police officer, DEFENDANT DAVID A. BROWN, and despite the fact that the PLAINTIFF wanted to pursue criminal charges against DEFENDANT WATSON, the DEFENDANT OFFICERS, SCADUTO, HODGEMAN and BROWN, conspired with WATSON to prevent PLAINTIFF from pursuing any criminal charges and, as a result, PLAINTIFF was precluded and prevented from filing criminal complaints against DEFENDANT WATSON or having her case heard in a criminal court of law.

16.    DEFENDANTS jointly agreed and/or conspired with one another to complete false and incomplete official reports and to sign false complaints and gave false and incomplete versions of the events to certain superiors and prosecutors falsely claiming that PLAINTIFF was the aggressor in order to cover up their misconduct and have Plaintiff charged with false criminal

3

acts.

17.     DEFENDANTS SCADUTO and HODGEMAN failed to conduct any kind of investigation into the criminal conduct of DEFENDANT WATSON.

18.     DEFENDANT OFFICERS SCADUTO and HODGEMAN did not list a single witness in their reports, despite the fact multiple eye witnesses were present on the scene who identified DEFENDANT WATSON as the individual who attacked PLAINTIFF with the knife.

19.     DEFENDANT OFFICERS BROWN, SCADUTO and HODGEMAN had an evidence technician called to the scene, but did not have the knife DEFENDANT WATSON used to injure PLAINTIFF inventoried into evidence or even photographed by the evidence technician.

20.     DEFENDANT OFFICERS SCADUTO and HODGEMAN did not have PLAINTIFF BALLARD'S injuries, caused by DEFENDANT WATSON, photographed by an evidence technician.

21.     After PLAINTIFF was discharged from the hospital, she was taken to the 005th District Chicago Police Station and, in furtherance, of the DEFENDANTS' conspiracy, PLAINTIFF was charged with multiple criminal offenses.

22.     All of the actions of the DEFENDANTS as set forth above and below were done jointly, in concert, and with shared intent and thereby constitute a continuing civil conspiracy.

23.     On January 23, 2015, PLAINTIFF was found not guilty of all criminal charges initiated by the DEFENDANTS.

## COUNT I
### 42 U.S.C. § 1983 Claim for Unconstitutional Seizure
(Defendants BROWN, SCADUTO and HODGEMAN)

24.     PLAINTIFF re-alleges and incorporates paragraphs 1-23 as fully stated herein.

4

25.     The actions of DEFENDANTS in detaining PLAINTIFF without just cause and/or failing to conduct a legitimate investigation despite having the opportunity to do so, violated her rights under the Fourth Amendment to the United States Constitution to be secure in her person against unreasonable seizure and caused both physical and emotional injuries.

26.     The aforementioned actions of DEFENDANTS BROWN, SCADUTO and HODGEMAN were the direct and proximate cause of the constitutional violations set forth above and of the Plaintiff's injuries.

## COUNT II
### State Law Claim:  Assault and Battery
#### (Defendant WATSON)

27.     PLAINTIFF re-alleges and incorporates paragraphs 1-23 as fully stated herein.

28.     As described in the preceding paragraphs, the conduct of DEFENDANT WATSON constituted unjustified and offensive physical contact, undertaken willfully and wantonly, proximately causing PLAINTIFF's bodily injuries.

## COUNT III
### State Law Claim: Intentional Infliction of Emotional Distress
#### (Defendant WATSON)

29.     PLAINTIFF re-alleges and incorporates paragraphs 1-23 above as fully stated herein.

30.     The acts and conduct of the DEFENDANT as set forth above were extreme and outrageous.  DEFENDANT WATSON intended to cause, or were in reckless disregard of the probability that their conduct would cause, severe emotional distress to PLAINTIFF.

31.     DEFENDANT WATSON'S actions and conduct directly and proximately caused severe emotional distress to PLAINTIFF and thereby constituted intentional infliction of emotional distress.

5

32.     The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of the PLAINTIFF.

## COUNT IV
### Negligence
(Defendant WATSON)

33.     PLAINTIFF realleges paragraphs 1 through 23 above as fully stated herein.

34.     That DEFENDANT WATSON, at all times had a duty to exercise due care and caution to avoid causing harm to the Plaintiff.

35.     That notwithstanding its duty, at the aforesaid time and place, DEFENDANT WATSON, was then and there guilty of one or more of the following careless and negligent acts and/or omissions:

        (a)     carelessly and negligently swung a knife in PLAINTIFF'S direction;

        (b)     acted in a reckless manner, knowing there was a strong probability that her conduct would cause injury to PLAINTIFF; and

        (c)      Was otherwise careless and negligent in the maintenance, control and/or handling of her premises.

36.     That as a direct and proximate result of the aforesaid acts and/or omissions of the DEFENDANT WATSON, the Plaintiff was incarcerated and prosecuted for multiple criminal offenses and was prevented from attending to her usual affairs and duties, lost great gains which she otherwise would have made and acquired, and suffered great pain and anguish both in mind and body.

## COUNT V
### State Law Claim: Malicious Prosecution
(All Defendants)

37.     PLAINTIFF re-alleges and incorporates paragraphs 1-23 above as fully stated herein.

38. PLAINTIFF was improperly subjected to judicial proceedings for which there was no probable cause. These judicial proceedings were instituted and continued maliciously, resulting in injury and all such proceedings were terminated in PLAINTIFF's favor in a manner consistent with the PLAINTIFF's innocence.

39. DEFENDANTS accused PLAINTIFF of criminal activity, despite the fact that they knew the accusations were baseless, that the PLAINTIFF had been arrested without probable cause. DEFENDANTS made written and other statements with the intent of exerting influence to institute and continue judicial proceedings which were false and made with actual malice.

40. Statements of DEFENDANTS regarding PLAINTIFF's alleged culpability were made with knowledge that the statements were false and perjured. In so doing, the DEFENDANTS fabricated evidence and withheld exculpatory information.

41. The misconduct described in this Count was undertaken with malice, willfulness, reckless indifference to the rights of others.

42. As a result of the above-described wrongful infringement of PLAINTIFF's rights, she has suffered financial and other damages, including but not limited to substantial physical injuries and mental stress and anguish.

43. The misconduct described in this Count was undertaken by the DEFENDANT OFFICERS within the scope of their employment such that their employer, CITY OF CHICAGO, is liable for their actions.

## COUNT VI
### 42 U.S.C. § 1983: False Arrest/Unlawful Detention
(Defendants BROWN, SCADUTO and HODGEMAN)

44. Plaintiff re-alleges and incorporates paragraphs 1-23 as fully stated herein.

45.     As described above, DEFENDANT OFFICERS falsely arrested and unlawfully detained Plaintiff without justification and without probable cause.

46.     The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others, and specifically, the rights of the Plaintiff.

47.     As a result of the above-described wrongful infringement of Plaintiff's rights, Plaintiff suffered damages, including but not limited to mental distress and anguish.

## COUNT VII
### Section 1983 Conspiracy Claims
(All Defendants)

48.     PLAINTIFF re-alleges and incorporates paragraphs 1-23 above as fully stated herein.

49.     At all times relevant hereto, the DEFENDANT WATSON was acting in concert with DEFENDANTS OFFICER BROWN, SCADUTO and HODGEMAN.

50.     DEFENDANTS conspired and agreed to unlawfully use the police powers of the DEFENDANT OFFICERS to violate the civil rights of the PLAINTIFF, including, but not limited to: (a) her Fourth Amendment Right to be secure from unreasonable seizure; (b) Fourteenth Amendment Right to bodily integrity; (c) First Amendment Right to free speech by suppressing PLAINTIFF'S complaints regarding the criminal conduct of DEFENDANT WATSON; and (d) her right to Equal Protection under the law by shielding DEFENDANT WATSON from arrest and prosecution by virtue of her relationship with DEFENDANT BROWN, a fellow Chicago police officer.

51.     The DEFENDANTS collectively and individually took action in furtherance of this agreement by submitting false and/or incomplete police reports, signed criminal complaints and made false statements to supervisors and/or prosecutors to charge PLAINTIFF with false

criminal acts and block the PLAINTIFF from pursuing criminal charges against DEFENDANT WATSON.

52.     As a result of the conspiracy, the DEFENDANTS proximately caused injury to the PLAINTIFF, including, but not limited to incarceration, humiliation, embarrassment, and severe emotional distress.

## COUNT VIII
### State Law Claim: Conspiracy
(All Defendants)

53.     PLAINTIFF re-alleges and incorporates paragraphs 1-23 above as fully stated herein.

54.     DEFENDANTS reached an understanding, engaged and continue to engage in a course of conduct and otherwise jointly acted and/or conspired among and between themselves to complete false and misleading reports, signed criminal complaints and make false statements to superior officers and prosecutors in order to conceal their wrongdoing and have PLAINTIFF falsely charged with criminal acts.

55.     In furtherance of this conspiracy, the DEFENDANTS, committed the overt acts set forth above in violation of Illinois law.

## COUNT IX
### Failure To Investigate
(Defendants SCADUTO and HODGEMAN)

56.     PLAINTIFF re-alleges and incorporates paragraphs 1-23 above as fully stated herein.

57.     As described above, DEFENDANT OFFICERS SCADUTO and HODGEMAN, had a duty and obligation as sworn officers acting under color of law not to violate PLAINTIFF's Fourth Amendment Right to be secure from unreasonable seizure.

58.     DEFENDANT OFFICERS SCADUTO and HODGEMAN, failed to conduct any legitimate investigation into the attack on PLAINTIFF BALLARD by DEFENDANT WATSON, despite the fact multiple eye witnesses were on the scene that identified DEFENDANT WATSON as the aggressor.

59.     The failure of the DEFENDANT OFFICERS to conduct a legitimate investigation into DEFENDANT WATSON'S attack of PLAINTIFF resulted in the violation of PLAINTIFF'S Fourth Amendment Rights.

60.     The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others, and specifically, the rights of the PLAINTIFF.

61.     As a result of the above-described wrongful infringement of PLAINTIFF's rights, PLAINTIFF suffered damages, including but not limited to physical incarceration and mental distress and anguish and prevented PLAINTIFF from pursuing criminal charges against DEFENDANT WATSON.

## COUNT IX
### State Law Claim: Indemnification
(Defendants BROWN, SCADUTO and HODGEMAN)

62.     PLAINTIFF re-alleges and incorporates paragraphs 1-23 above as fully stated herein.

63.     In Illinois, public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities. 735 ILCS 10/9-102.

64.     DEFENDANT OFFICERS are or were employees of The City of Chicago acting within the scope of their employment in committing the misconduct described herein. The City of Chicago is responsible to indemnify any compensatory judgment or settlements entered

against the DEFENDANT OFFICERS in their capacity as Chicago Police Officers.

## REQUEST FOR RELIEF

65.     Plaintiff, SHAUNREE BALLARD, respectfully requests that the Court:

a.     Enter judgment in her favor and against Defendants, LOMARIA WATSON, CHICAGO POLICE OFFICER DAVID A. BROWN, CHICAGO POLICE OFFICER BRADLEY SCADUTO, STAR #14620, CHICAGO POLICE OFFICER FRANK HODGEMAN, STAR #4829;

b.     Award compensatory damages against Defendants, LOMARIA WATSON, CHICAGO POLICE OFFICER DAVID A. BROWN, CHICAGO POLICE OFFICER BRADLEY SCADUTO, STAR #14620, CHICAGO POLICE OFFICER FRANK HODGEMAN, STAR #4829;

c.     Award attorneys' fees against Defendants, LOMARIA WATSON, CHICAGO POLICE OFFICER DAVID A. BROWN, CHICAGO POLICE OFFICER BRADLEY SCADUTO, STAR #14620, CHICAGO POLICE OFFICER FRANK HODGEMAN, STAR #4829;

d.     Award punitive damages against Defendants, LOMARIA WATSON, CHICAGO POLICE OFFICER DAVID A. BROWN, CHICAGO POLICE OFFICER BRADLEY SCADUTO, STAR #14620, CHICAGO POLICE OFFICER FRANK HODGEMAN, STAR #4829; in their individual capacities; and

e.     Grant any other relief this Court deems just and appropriate.

## JURY DEMAND

Plaintiff, SHAUNREE BALLARD, demands a trial by jury under the Federal Rule of Civil Procedure 38(b) on all issues so triable.

Respectfully submitted,

/s/ Jeffrey J. Neslund
JEFFREY J. NESLUND
Attorney for Plaintiff

Jeffrey J. Neslund
Law Offices of Jeffrey J. Neslund
20 North Wacker Drive - Suite 3710
Chicago, Illinois 60606
(312) 223-1100

11